**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

TALIBY KABA,

                              Plaintiff,

                 v.

IAN McQUINN, *Corrections Sergeant, Upstate*
*Correctional Facility*,

                            Defendant.

                                   9:25-CV-481
                                 (AMN/DJS)

_____

**APPEARANCES:**                           **OF COUNSEL:**

TALIBY KABA
Plaintiff, *pro se*
22-B-3286
Collins Correctional Facility
P.O. Box 340
Collins, New York 14034

HON. LETITIA JAMES                 CHI-HSIN E. ENGELHART, ESQ.
Attorney General for the State of New York   Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

The Complaint in this action originally raised allegations of cruel and unusual punishment, religious discrimination, medical indifference, and denial of due process. *See* Dkt. No. 1, Compl., pp. 21-23.[2] Plaintiff, an individual incarcerated in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), alleges that the Defendants violated his constitutional rights while he was held at Upstate Correctional Facility ("Upstate"). *Id.*; Dkt. No. 6. On review pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the District Court dismissed all but one of Plaintiff's claims – a medical indifference claim against Defendant McQuinn. Dkt. No. 6 at p. 25. The surviving claim concerns Plaintiff's allegation that McQuinn failed to comply with DOCCS policies regarding hunger strikes. *Id.* at p. 17; Compl. at pp. 16-17.

Defendant now moves, prior to answering, for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56(a), to dismiss the Complaint based on Plaintiff's failure to properly exhaust his administrative remedies and on the merits of his Eighth Amendment claim. *See* Dkt. No. 19-17, Def.'s Mem. of Law at pp. 4-13. Plaintiff opposes the Motion. Dkt. No. 23, Pl.'s Opp. For the reasons that follow, the Court

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c).

[2] Page citations to the Complaint are to page numbers generated by the Court's CM/ECF system.

recommends that the Motion be **GRANTED** based on Plaintiff's failure to administratively exhaust this claim.

## I.  BACKGROUND

The factual allegations in the Complaint concerning the remaining claim are brief.  *See generally* Compl.  Plaintiff alleges that he was the victim of ongoing harassment and false accusations by correctional staff.  *Id.* at pp. 13-14.  He contends that this resulted in "deep depression, anxiety, and mental anguish" which ultimately led him to stop eating.  *Id.* at p. 14.  Plaintiff contends that Defendant "failed to comply with DOCCS regulations and was deliberate[ly] indifferent" to his medical condition by placing him in an empty cell despite knowledge that Plaintiff had missed nineteen meals.  *Id.* at p. 16.  DOCCS records confirm that Plaintiff was identified as being on a hunger strike.  Dkt. No. 20-1.  Those records also show that Plaintiff was brought to the facility infirmary for monitoring at one point.  *Id.* at p. 3.

During the time period of Plaintiff's incarceration at Upstate Correctional Facility, he filed numerous grievances.  Dkt. No. 19-4, Richards Decl. Exs. C & D.  Of those grievances only three were fully appealed to the Central Office Review Committee ("CORC").  Dkt. No. 19-14, Seguin Decl., Ex. A.  And of those, only one was appealed during the period relevant to this action.  *Id.*  That grievance, Grievance UST-0893-24,

3

was coded by the facility as concerning "Denied Tablets/Phone/Food Tampering/False MBR by Officers."  Richards Decl. at Ex. E; Compl. at p. 41.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT MOTIONS

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact.  *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant.  FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994).  To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a

4

summary judgment motion" and the credibility of such statements is better left to a trier of fact.  *Scott v. Coughlin*, 344 F.3d at 289 (citing cases).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant.  *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998).  "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution."  *Gallo v. Prudential Res. Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).  Furthermore, where a party is proceeding pro se, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest."  *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).  Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this

title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).   The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).  Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  *Id.* at 524; *see also Ross v. Blake*, 578 U.S. 632, 638 (2016) (stating that the mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement).   Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).   The defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999).[3]

In New York, the administrative remedies consist of a three-step Incarcerated Grievance Program.   First, a grievance is submitted to the Incarcerated Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility

---

[3] Copies of unreported cases from Westlaw are attached to this opinion for Plaintiff's reference.

employees. 7 N.Y.C.R.R. § 701.4(a). An inmate must submit a grievance "within 21 calendar days of an alleged occurrence." 7 N.Y.C.R.R. § 701.5(a)(1). An inmate may request an extension of the time limit within forty-five days of the date of the alleged occurrence. 7 N.Y.C.R.R. § 701.6(g)(1)(i)(a). The IGRC reviews and investigates the formal complaint and, if necessary, issues a written determination. 7 N.Y.C.R.R. § 701.5(b). Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. 7 N.Y.C.R.R. § 701.5(c). Finally, upon appeal of the superintendent's decision, the CORC makes the final administrative determination. 7 N.Y.C.R.R. at § 701.5(d).

"Complete exhaustion to the highest level is required for each claim." *Singh v. Goord*, 520 F. Supp. 2d 487, 495 (S.D.N.Y. 2007) (citing *Veloz v. New York*, 339 F. Supp. 2d 505, 514 (S.D.N.Y.2004)); *see also Allah v. Adams*, 573 F. Supp. 3d 904, 909 (W.D.N.Y. 2021). Within DOCCS that requires that an appeal be taken to CORC. Seguin Decl. at ¶ 11; *Veloz v. New York*, 339 F. Supp. 2d at 514.

Plaintiff was incarcerated at Upstate between September 2022 and August 2024. Richards Decl. at ¶ 12. The events at issue in the Complaint took place in April and May 2024. *See* Dkt. No. 6 at pp. 5-8. While the record further shows that Plaintiff filed multiple grievances during the relevant time period, Richards Decl. at Ex. C, he appealed

7

only one grievance to CORC, specifically Grievance UST-0893-24.  Seguin Decl. at ¶ 17 & Ex. A.  That grievance was dated May 4, 2024, and provided in full:

> At 5:00 pm on above date C.O. R. Cuin deny my right to a law library & static tablet he continuing his malicous acts in retaliation of multiple complaints following false misbehavior report which is depriving me of contacting my family violating the Amendment VIII. Cruel & unusual punishment states nor cruel and unusual punishments inflicted.  My family called many time speaking to ORC Denny stating I'm not on loss of phone nor am I on deprivation it been 10 days Since I spoke to any one from my support system also mention she came to see me and I'm fine not notifying them that I haven't eaten 16 meal refuse the reason I refused all the meal is because I cant eat my food is being violated.  Even if I'm on deprivation why haven't I been able to use the phone HALT Law state every I/I is entitle to one 15 minute phone call per week at minimum.
>
> Resolution – This officer need a eye test, drug test retrained removed from RRU, my phone call be given to me.  Ensured my trays are not being altered and violated by Upstate Correctional Officers [sic].

Richards Decl. at Ex. E, p. 2

For PLRA purposes the "grievant need not lay out the facts, articulate legal theories, or demand particular relief," as administrative grievances are comparable to "notice pleading."  *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004)).  Exhaustion, however, does require the grievance "to identify some shortcoming to allow the facility an opportunity to address complaints internally before proceeding to federal court."  *Tripathy v. Schneider*, 2026 WL 479063, at *7 (W.D.N.Y. Feb. 20, 2026).  This is consistent with

8

the goal that "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution." *Walker v. Schult*, 2014 WL 7014674, at \*6 (N.D.N.Y. Dec. 11, 2014) (quoting *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009)); *see also Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004) ("the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued").

Grievance UST 0893-24 did not exhaust Plaintiff's Eighth Amendment medical indifference claim against Defendant McQuinn.  The gravamen of the grievance does not concern medical care.  *See* Richards Decl. at Ex. E, p. 2.  It mentions that Plaintiff had not eaten sixteen meals but makes no allegations that he was at the time suffering from any medical issues as a result nor does it allege that he had been denied proper medical treatment or that any DOCCS policies or procedures regarding hunger strikes were not being followed.  *Id.* When interviewed about the grievance, it does not appear that Plaintiff made any allegations of this sort either.  *Id.* at p. 5.

McQuinn himself is not named in the grievance.  That failure is not dispositive, *Jones v. Bock*, 549 U.S. at 219 ("exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances."), but it is evidence of the fact that the grievance at issue did not concern the claims remaining in this action.  That is especially true here where a different correctional staff member is specifically named

9

and the relief requested in the grievance directly concerns that officer. *See* Richard Decl. at Ex. E, p. 2.

Under these circumstances, it cannot be said that this grievance "alert[ed] the prison to a problem" regarding compliance with hunger strike protocols. *Walker v. Schult*, 2014 WL 7014674, at *6. A grievance that "is not relevant to the event at issue in the Complaint" does not properly exhaust Plaintiff's claims. *Gough v. Morris*, 2018 WL 7199494, at *3 (N.D.N.Y. Dec. 14, 2018), *report and recommendation adopted*, 2019 WL 416150 (N.D.N.Y. Feb. 1, 2019).

As has been frequently noted in cases of this type, a plaintiff's failure to exhaust can be excused under limited exceptions. *See generally Ross v. Blake*, 578 U.S. 632 (2016). Plaintiff bears the burden of showing the grievance process was unavailable to him. *Caldwell v. C.O. Kusminsky*, 2020 WL 6162524, at *4 (N.D.N.Y. Apr. 1, 2020), *report and recommendation adopted sub nom. Caldwell v. Kusminsky*, 2020 WL 6158578 (N.D.N.Y. Oct. 21, 2020). Plaintiff's opposition to the Motion for Summary Judgment does not mention the exhaustion defense at all. *See* Pl.'s Opp. This alone warrants dismissal for noncompliance with the PLRA's exhaustion requirements. *See White v. Williams*, 2016 WL 4006461, at *5 (N.D.N.Y. June 22, 2016), *report and recommendation adopted*, 2016 WL 4005849 (N.D.N.Y. July 25, 2016).

An administrative procedure is "unavailable" when (1) "it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the scheme is "so opaque that it becomes, practically speaking, incapable of use," meaning that "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it;" or (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Dickinson v. York*, 828 F. App'x 780, 782 (2d Cir. 2020) (summary order) (quoting *Ross v. Blake*, 578 U.S. 632, 643-44 (2016)). The record reflects that Plaintiff filed and fully exhausted multiple grievances while incarcerated at Upstate. Richards Decl. at Ex. D; Seguin Decl. at Ex. A. This "shows that Plaintiff did not view the filing of grievances as a dead end. It also demonstrates that he clearly understood DOCCS' inmate grievance policy and could navigate it when he wished to pursue a grievance." *Walker v. Ball*, 2018 WL 1415212, at *5 (N.D.N.Y. Feb. 16, 2018), *report and recommendation adopted*, 2018 WL 1406632 (N.D.N.Y. Mar. 20, 2018). Plaintiff makes no allegation that the third exception applies here. Accordingly, the Court recommends finding that Plaintiff has not satisfied his burden of showing a *Ross* exception applies.

Summary judgment dismissing the Complaint based on the failure to properly exhaust the remaining claim, therefore, is recommended.

11

### B. Medical Indifference Claim

Plaintiff's failure to exhaust is a basis for dismissal of the Complaint.  In the event that the District Court were to find that dismissal based on exhaustion were not appropriate, this Court also addresses Defendant's argument that summary judgment is appropriate on the merits.  *See* Def.'s Mem. of Law at pp. 4-8.

To state an Eighth Amendment claim, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  "[T]he plaintiff must allege conduct that is 'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y. 1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06).  For a claim such as alleged here, the inmate must demonstrate (1) a serious medical condition and (2) deliberate indifference.  *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).  Deliberate indifference to serious medical needs can be stated where "prison guards [ ] intentionally deny[] or delay[] access to medical care or intentionally interfer[e] with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. at 104-05.

The first prong is an objective standard and considers whether the medical condition is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (quoting *Wilson*

*v. Seiter*, 501 U.S. 294, 298 (1991)). The Second Circuit has stated that a medical need is serious if it presents "a condition of urgency that may result in degeneration or extreme pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citation omitted). Among the relevant factors to consider are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

The second element is a subjective standard requiring Plaintiff to demonstrate that a defendant acted with the requisite culpable mental state similar to that of criminal recklessness. *Wilson v. Seiter*, 501 U.S. at 301-03; *Hathaway v. Coughlin*, 37 F.3d at 66. A plaintiff must demonstrate that the defendant acted with reckless disregard to a known substantial risk of harm. *Farmer v. Brennan*, 511 U.S. at 836. "In order to rise to the level of deliberate indifference, the defendant must have known of and disregarded an excessive risk to the inmate's health or safety." *Wright v. Genovese*, 694 F. Supp. 2d 137, 154 (N.D.N.Y. 2010) (citing *Chance v. Armstrong*, 143 F.3d at 702). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Chance v. Armstrong*, 143 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. at 837).

13

In considering this Motion, it is important to recognize that "the Second Circuit has instructed that deliberate medical indifference claims are fact-specific." *Thon v. Grimshaw*, 2016 WL 8671925, at *4 (N.D.N.Y. Aug. 26, 2016), *report and recommendation adopted*, 2016 WL 5940910 (N.D.N.Y. Oct. 13, 2016); *see also Swinton v. Corr. Med. Care, Inc.*, 2020 WL 9607024, at *7 (W.D.N.Y. Dec. 22, 2020), *report and recommendation adopted*, 2021 WL 2018846 (W.D.N.Y. May 20, 2021) (noting in particular that the "objective inquiry is highly fact-specific"). This Motion is made pre-answer, without the benefit of discovery. Defense counsel has attached Plaintiff's medical records to the Motion papers, but neither Defendant nor any medical professional has offered any sworn statement regarding the facts and circumstances of this claim. "[C]ourts generally are reluctant to grant summary judgment when the non-moving party has not had an adequate opportunity for discovery." *Connecticut Nat. Bank v. Trans World Airlines, Inc.*, 762 F. Supp. 76, 79 (S.D.N.Y. 1991); *see also Gray v. Garlock Sealing Techs., LLC*, 2006 WL 3680567, at *8 (W.D.N.Y. Dec. 11, 2006) ("[T]he grant of summary judgment prior to discovery is not to be undertaken lightly.").

The Court recognizes that other cases have found that choosing to engage in a hunger strike while incarcerated "undercuts [a] claim of deliberate indifference." *Lewis v. Zon*, 920 F. Supp. 2d 379, 389 (W.D.N.Y. 2013). However, very little is known about the particular facts of Plaintiff's claim, particularly the precise circumstances of his

14

hunger strike and concomitant medical treatment.  Given the paucity of the record here, the Court recommends that, should the District Court reach of the merits of this claim, the Motion be denied with leave to renew following discovery and the development of a more complete record.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the Motion for Summary Judgment based on Plaintiff's failure to exhaust administrative remedies be **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

& 6(a).

Date:   May 18, 2026
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

16