UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TALIBY KABA,

                          Plaintiff,

v.                                                        9:25-cv-00481 (AMN/DJS)

IAN McQUINN,

                          Defendant.

---

APPEARANCES:                                        OF COUNSEL:

TALIBY KABA
22-B-3286
Collins Correctional Facility
P.O. Box 340
Collins, New York 14034
Plaintiff *pro se*

HON. LETITIA JAMES                                  CHI-HSIN E. ENGELHART, ESQ.
New York State Attorney General                      Assistant Attorney General
The Capitol
Albany, New York 12224
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

## I.     INTRODUCTION

On April 18, 2025, plaintiff *pro se* Taliby Kaba ("Plaintiff"), who was incarcerated in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at all relevant times, commenced this action pursuant to 42 U.S.C. § 1983 against various Department of Corrections staff.  *See* Dkt. No. 1.  Plaintiff sought and was granted leave to proceed *in forma pauperis*.  Dkt. Nos. 2, 6.  On September 19, 2025, the Court, on initial review

pursuant to 28 U.S.C. § 1915, dismissed all but Plaintiff's Eighth Amendment deliberate medical indifference claim against Defendant Ian McQuinn.  Dkt. No. 6 at 25.[1]  On February 20, 2026, Defendant filed a motion for summary judgment seeking to dismiss the Complaint for failure to exhaust administrative remedies.  Dkt. No. 19 ("Motion").  Plaintiff opposed the Motion on March 30, 2026.  Dkt. No. 23.  This matter was referred to United States Magistrate Judge Daniel J. Stewart, who, on May 18, 2026, issued a Report-Recommendation and Order ("Report-Recommendation"), recommending that Defendant's Motion be granted.  Dkt. No. 25 at 15. Magistrate Judge Stewart advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.*  No party has filed objections, and the time for filing objections has expired.[2]

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge,

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[2] A fuller recitation of the factual and procedural history of this action is set forth in the Report-Recommendation.  *See* Dkt. No. 25 at 3-4.

this Court reviews the relevant portions of the report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

Because no party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Prior to challenging prison conditions in federal court pursuant to 42 U.S.C. § 1983, the Prison Litigation Reform Act requires an incarcerated individual to first exhaust his available

administrative remedies.  *See Ross v. Blake*, 578 U.S. 632, 635 (2016) (citing 42 U.S.C. § 1997e(a)).  Magistrate Judge Stewart noted that in New York, administrative remedies consist of a three-step Incarcerated Grievance Program ("IGP"), which begins with the incarcerated individual filing a grievance within 21 calendar days of the alleged incident.  *See* Dkt. No. 25 at 6-7 (citing N.Y. Comp. Codes R. & Regs. ("NYCCR") tit. 7, § 701.5(a)(1)).  The grievance is initially reviewed by the inmate grievance resolution committee ("IGRC"); upon appeal of the IGRC's decision, it is reviewed by the facility superintendent; and upon appeal of the superintendent's decision, it is reviewed by the central office review committee ("CORC"), which makes the final administrative determination.  *See id.* at 7 (citing NYCCR §§ 701.5(b)-(d)); *see also Williams v. Corr. Officer Priatno*, 829 F.3d 118, 119 (2d Cir. 2016).

Magistrate Judge Stewart also explained that an incarcerated individual's failure to exhaust administrative remedies may be excused if such remedies were unavailable to him, which Plaintiff bears the burden of showing.  Dkt. No. 25 at 10 (citing, *inter alia*, *Caldwell v. C.O. Kusminsky*, No. 29-cv-673, 2020 WL 6162524, at *4 (N.D.N.Y. Apr. 1, 2020), *report and recommendation adopted sub nom. Caldwell v. Kusminsky*, 2020 WL 6158578 (N.D.N.Y. Oct. 21, 2020)).  Magistrate Judge Stewart stated that administrative remedies may be unavailable in three potential circumstances: "when (1) 'it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates;' (2) the scheme is 'so opaque that it becomes, practically speaking, incapable of use,' meaning that 'some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it;' or (3) 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'"  *Id.* at 11 (quoting *Dickinson v. York*, 828 F. App'x 780, 782 (2d Cir. 2020)

4

(summary order) (quoting *Ross*, 578 U.S. at 643-44)).

Here, Magistrate Judge Stewart concluded that Plaintiff did not exhaust his administrative remedies because the grievance he submitted is not relevant to the events at issue with respect to his remaining deliberate medical indifference claim against Defendant McQuinn.  *Id.* at 9-10 (citing, *inter alia*, *Gough v. Morris*, No. 16-cv-1107, 2018 WL 7199494, at *3 (N.D.N.Y. Dec. 14, 2018), *report and recommendation adopted*, 2019 WL 416150 (N.D.N.Y. Feb. 1, 2019)). Magistrate Judge Stewart explained that Plaintiff only appealed one grievance to the CORC during the relevant time period, which did not allege that Plaintiff had been denied proper medical treatment, nor allege that Plaintiff had been suffering from any medical issues as a result of his hunger strike, nor allege that any DOCCS policies or procedures regarding hunger strikes had not been followed.  *Id.* at 7-9 (citing, *inter alia*, Dkt. No. 19-9 at 2; Dkt. No. 19-14 at ¶ 17). Additionally, Magistrate Judge Stewart noted that Defendant McQuinn is not named in Plaintiff's grievance, which, while not dispositive, provides evidence that the grievance did not concern the remaining claim of deliberate medical indifference in this action, particularly where a different correctional officer is named and the relief requested concerns that officer.  *Id.* at 9-10 (citing, *inter alia*, Dkt. No. 19-9 at 2).

Additionally, Magistrate Judge Stewart concluded that none of the exceptions outlined in *Ross* are applicable here to excuse Plaintiff's failure to exhaust administrative remedies.  *See id.* at 10-11.  Regarding the first two exceptions, Magistrate Judge Stewart noted that Plaintiff has filed and fully exhausted multiple grievances while incarcerated at Upstate Correctional Facility, which demonstrates that Plaintiff did not view the filing of grievances as a dead end and that he clearly understood the inmate grievance process and how to navigate it. *Id.* at 11 (citing Dkt. Nos. 19-15, 19-8; *Walker v. Ball*, No. 16-cv-437, 2018 WL 1415212, at *5 (N.D.N.Y. Feb. 16, 2018),

*report and recommendation adopted*, 2018 WL 1406632 (N.D.N.Y. Mar. 20, 2018)).  Magistrate

Judge Stewart also noted that Plaintiff made no allegation that the third exception is applicable

here.  *Id.*  Additionally, Magistrate Judge Stewart found that Plaintiff's opposition to the Motion

does not rebut Defendants' arguments with respect to the exhaustion of administrative remedies,

and that this failure alone warrants dismissal.  *Id.* at 10 (citing Dkt. No. 23; *White v. Williams*, No.

12-cv-1775, 2016 WL 4006461, at *5 (N.D.N.Y. June 22, 2016) (dismissing deliberate medical

indifference claim for noncompliance with the PLRA exhaustion requirements where plaintiff

made no argument that the grievance procedure was unavailable to him), *report and*

*recommendation adopted*, 2016 WL 4005849 (N.D.N.Y. July 25, 2016)).[3]

Finding no clear error, the Court agrees with Magistrate Judge Stewart that there is no

genuine dispute of material fact regarding Plaintiff's failure to exhaust administrative remedies

with respect to his remaining claim.  As a result, the Report-Recommendation is adopted in its

entirety.

## IV.  CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the recommendations in the May 18, 2026 Report-Recommendation, Dkt.

No. 25, are **ADOPTED** for the reasons stated herein; and the Court further

**ORDERS** that Defendant's motion for summary judgment, Dkt. No. 19, is **GRANTED**;

and the Court further

**ORDERS** that the Clerk shall enter judgment in Defendant's favor and close this case; and

the Court further

---

[3] In the alternative, if this Court reached the merits of Plaintiff's claim, Magistrate Judge Stewart recommended that Defendant's Motion be denied with leave to renew following discovery and the development of a more complete record.  *See* Dkt. No. 25 at 12-15.

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 4, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge